983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael W. HATTERSLEY; Jeanne M. Hattersley, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1633.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before ALAN E. NORRIS and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Taxpayers, Michael W. and Jeanne M. Hattersley, appeal from a tax court determination that they are liable for deficiencies and penalties as a result of their investment in a tax shelter that lacked economic substance. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 For the sake of brevity, only those facts relevant to this appeal are stated. During 1984, Structured Shelters, Inc. (SSI), through its agent, Thomas A. Graham, marketed an investment called Children's Classics Audio Cassettes (CCAC). There were two phases to this investment program, a production phase and a lease phase. The 1984 production phase involved the purchase of the right to reproduce artwork and to use titles for the products of new master cassette recordings from Sonya, Inc. Sonya had in turn purchased these rights from the investors in SSI's 1981 promotion of master recordings of children's stories. Graham and his wife owned 65 percent of the stock in Sonya.
 
 
 3
 In 1984, taxpayers and Peter J. Menardi, as tenants in common, entered into an agreement with Sonya, Inc., to purchase for $103,000 the rights for the limited use of the artwork and the title for the story of "Playhouse Presentation of All About Dogs" for the production of a master recordings. Taxpayers acquired a 50 percent interest in the venture. Under the 1984 CCAC production phase program, taxpayers made a cash payment of $9,750 and expected to receive tax deductions in the amount of approximately $57,000 for their investment in the master recording. For the years 1984 and 1986, taxpayers claimed deductions on their returns in the amount of $22,327 and $19,818, respectively, which related to the master recording investment. The Commissioner of the Internal Revenue disallowed the claimed deductions and also assessed various additions to tax and an increased rate for taxpayers' underpayment based on its conclusion that the enterprise lacked economic substance. The tax court upheld the Commissioner's decision in all respects.
 
 
 4
 Taxpayers stipulated in the tax court that the investment made in the 1984 CCAC production phase had no economic substance. They therefore do not contest the disallowance of deductions based on these investments. However, taxpayers contend that they should be allowed to deduct their cash payments made for their investment under 26 U.S.C. § 165(c)(2) on the ground that the losses were incurred in a transaction entered into for profit. Taxpayers also challenge each of the additions to tax and the use of the increased interest rate.
 
 
 5
 Upon review, we affirm the tax court's decision for the following reasons. The taxpayers in the instant case have stipulated that the CCAC transaction lacked economic substance. If the transaction lacks economic substance, then the deduction must be allowed without regard to the "niceties" of the taxpayer's intent. Mahoney v. Commissioner, 808 F.2d 1219, 1220 (6th Cir.1987). Therefore, the tax court properly disallowed the claimed § 165(c)(2) deduction, regardless of the taxpayers' subjective profit motive.
 
 
 6
 The Commissioner's determination of liability for the negligence penalty under I.R.C. § 6653(a)(1) and (2) is presumptively correct and the taxpayer bears the burden of establishing the absence of negligence. Moreover, the tax court's determination of negligence is a factual finding reviewable under the clearly erroneous standard. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir.1992); Skeen v. Commissioner, 864 F.2d 93, 96 (9th Cir.1989). For the purpose of section 6653, negligence is "a lack of due care or a failure to do what a reasonable person would do under the circumstances." Leuhsler, 963 F.2d at 910.
 
 
 7
 The tax court's determination that the taxpayers' underpayment was attributable to negligence is not clearly erroneous. As the tax court correctly noted, taxpayers presented no evidence of Graham's reputation nor any explanation for their complete faith in Graham's reputation. The tax court found that a reasonable person who knew Graham had a personal financial interest in the CCAC transaction would not commit approximately $65,000 before independently investigating the transaction and seeking independent advice. This conclusion is not clearly erroneous. See Leuhsler, 963 F.2d at 910-11.
 
 
 8
 Since their underpayment is the result of the CCAC being an economic sham, taxpayers argue that the underpayment is attributable to their claiming an improper deduction rather than to a valuation overstatement. However, "[w]hen an underpayment stems from disallowed depreciation deductions or investment credit due to lack of economic substance, the deficiency is attributable to overstatement of value, and subject to the penalty under section 6659." Massengill v. Commissioner, 876 F.2d 616, 619-20 (8th Cir.1989); accord Donahue v. Commissioner, 959 F.2d 234 (6th Cir. Apr. 7, 1992) (unpublished per curiam); Gilman v. Commissioner, 933 F.2d 143, 151 (2d Cir.1991), cert. denied, 112 S.Ct. 871 (1992).
 
 
 9
 Taxpayers invoke I.R.C. § 6661(c) which provides that the Commissioner has discretion to waive the addition to a taxpayer's tax if there was reasonable cause for the understatement and the taxpayer acted in good faith. They repeat their former argument that their underpayment occurred because of reasonable reliance on the investment advice of Graham & Associates. For the reasons stated above, this argument is without merit.
 
 
 10
 Accordingly, we AFFIRM the tax court's decision in all respects. Rule 9(b)(3), Rules of the Sixth Circuit.